IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



|  |  |
|---|---|
| JAMES WATSON,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | Civil Action No.: 24-cv-1678-LKG<br><br>Dated: July 17, 2024 |

## MEMORANDUM OPINION

On June 7, 2024, the Court received a letter from Petitioner James Watson, which was construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Watson subsequently filed two "Motions to Dismiss." ECF Nos. 2, 4. Watson has not paid the Court's filing fee or filed a Motion to Proceed in Forma Pauperis seeking its waiver. However, because his case will be dismissed for the reasons that follow, he will not be required to correct the oversight.

Watson's original correspondence with the Court appears to contest his divorce and custody case, *Redman vs. Watson,* C-02-FM-16-000063, in the Circuit Court for Anne Arundel County. ECF No. 1, *see also* https://casesearch.courts.state.md.us/casesearch/ (last accessed July 17, 2024). He seeks monetary damages for pain and suffering from Ms. Redman, and the dismissal of the child support order and accumulated arrears against him. ECF No. 1 at 2. In his first of two Motions to Dismiss, Watson requests "dismissal of the 2019 case against him" with Child Protective Services ("CPS") for Frederick County, Maryland. ECF No. 2. Although he indicates that no charges were filed based on the CPS investigation, he seeks dismissal of the CPS "case against" him due to ineffective assistance of counsel and other errors. *Id.* Finally, in his second Motion to Dismiss, Watson requests "complete dismissal" of the case with Ms. Redman, and "that the child support be erased and stopped as well." ECF No. 4.

Habeas relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d) (2018). A petitioner who was put in jail for civil contempt for failure to pay child support could meet this requirement. *See Leonard v. Hammond*, 804 F.2d 838, 842-43 (4th Cir. 1986). Here, Watson's state court case is a civil case. While contempt proceedings have been initiated against him in the past, it does not appear that they have ever resulted in Watson's incarceration. *See Redman vs. Watson*, C-02-FM-16-000063 (Cir. Ct. for Anne Arundel Cnty.) at httn://casesearch.courts.state.md.us/casesearch/ (last visited July 17, 2024). According to the docket sheet, a petition for contempt was filed against Watson on June 21, 2019, but was voluntarily dismissed on September 30, 2019. *Id.* On May 6, 2021, Ms. Redman filed another petition for contempt, which was dismissed on August 3, 2021. *Id.* Because Watson is not currently in custody for anything stemming from his divorce and custody case, habeas relief is not available.

Regardless of whether Watson satisfies the "in custody" requirement, the Petition must also be dismissed because he has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *See Thompson v. Peyton*, 406 F.2d 473, 474 (4th Cir. 1968). The docket in this case reflects that Watson has failed to file any such appeal. *See e.g., Arrington v. Dept. of Hum. Res.*, 935 A.2d 432, 434, 449 (Md. 2007) (considering and resolving the appeal of a sanction imposed after a father was found in civil contempt); *Bryant v. Howard Cnty. Dep't of Soc. Servs. ex rel Costley*, 874 A.2d 457, 463, 466 (Md. 2005) (considering an appeal of a finding of civil contempt for non-payment of child support even when no sanction was imposed); *Rawlings v. Rawlings*, 766 A.2d 98, 100-01 (Md. 2001) (considering the appeal of a finding that a father was in civil contempt for non-payment of child support). To the extent that the order against Watson was improper, he could have appealed to the Appellate Court of Maryland. Because he failed to do so, the Petition must be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254(b).

To the extent the Petition seeks a general writ under 28 U.S.C. § 1651, it is properly construed as seeking mandamus relief in connection with a child support order. Such a request fails because federal courts do not have mandamus jurisdiction over state and county employees, such as the Anne Arundel County Circuit Court, or CPS in Frederick County. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). In addition, a writ of

mandamus is a "drastic remedy to be used only in extraordinary situations" where there are no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Thus, the Court cannot grant the relief sought in the initial Petition or the Motions to Dismiss.

For these reasons, the Petition for Writ of Habeas Corpus must be dismissed without prejudice. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because this Order is a final order adverse to the applicant, Watson must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that this standard has not been met and thus declines to issue a certificate of appealability. Watson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Fed. R. App. P. 22(b).

A separate Order follows.

LYDIA KAY GRIGGSBY
United States District Judge